UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Larry Cochran, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
United States of America *et al.*, )
)
Defendants )
)

08 2156

## MEMORANDUM OPINION

The plaintiff, a prisoner in federal custody, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, but will dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff styles his complaint as one brought under Federal Rule of Civil Procedure 60(b), for fraud upon the court, alleging that he was convicted of a crime when one of the elements of the crime was missing. (Compl. ¶¶ 1, 11, 13.) Rule 60 does not authorize a right of action to make a complaint; it authorizes a motion to be made to the court that imposed the judgment that is being challenged. Because this court is not the one that imposed the judgment under attack, it has no authority to entertain a Rule 60 motion to set aside that judgment.

Despite the manner in which the plaintiff has styled his request for relief, it is essentially a collateral attack on the plaintiff's conviction and sentence. Federal law provides that a prisoner in custody under sentence imposed by a federal court may appeal that conviction and sentence by motion to the court that imposed the sentence. 28 U.S.C. § 2255(a). *See Taylor v. United States*

*Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). This court is not the court that imposed the sentence, and therefore has no jurisdiction of this mater. Accordingly, this appeal will be dismissed without prejudice for lack of subject matter jurisdiction.

   A separate order accompanies this memorandum opinion.

Date: 12/30/08

United States District Judge